UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| First Financial Bank, N.A., | Case No. 3:14 cv 1153 |
|         Plaintiff | |
| v. | MEMORANDUM OPINION AND ORDER |
| Douglas Ashbaugh, et al., | |
|         Defendants | |

This matter is before me on Defendant Arlene Horine's motion for final summary judgment. (Doc. No. 12). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, I find the Defendant's motion well taken.

### PROCEDURAL HISTORY

This interpleader action was filed by First Financial Bank, N.A. on May 29, 2014. After effecting service on each of the Defendants, Plaintiff sought and was granted leave to deposit the funds at issue and was dismissed from the case. (Doc. No. 9). Each of the Defendants was served with a copy of the Court's order via their respective counsel.

My September 15, 2015 Order directed Defendants seeking to claim the funds to submit their claim no later than October 9, 2014. (*Id.*) On September 26, 2014, First Financial Bank, N.A. deposited funds of $14,400.00 with the Court.

On October 9, 2014, Defendant Randall Ashbaugh filed a pleading entitled "Claim of Randolph Ashbaugh," *pro se*, and signed by Marianela Gomez, as attorney in fact, for Randolph

Ashbaugh. (Doc. No. 10). The certificate of service for this filing indicated a copy was mailed to Michael A. Rider, Esq., attorney for Defendant Arleen Horine.

On November 14, 2014, Defendant Arleen Horine filed her motion for summary judgment. (Doc. No. 12). She subsequently filed a Supplemental Certificate of Service which affirmed service of her motion upon the other two named Defendants and their counsel. (Doc. No. 14). There has been no response to Defendant Horine's motion.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). Therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

The complaint by First Financial N.A., states in relevant part:

> **III. FACTS**
> 8. On or about February 17, 1999, Gayle A. Ashbaugh, Jr. and Ms. Horine opened a joint checking account with First Financial in Van Wert, Ohio ("Joint Account"). See Account Agreement attached as Exhibit 1.
>
> 9. On or about October 11, 2002, the decedent opened an IRA account with Community First Bank & Trust in Van Wert, Ohio ("IRA Account"). See IRA Application attached as Exhibit 2.
>
> 10. Per the terms of the IRA Application, the decedent's sons, Mr. Randall Ashbaugh and Mr. Douglas Ashbaugh, are beneficiaries of the IRA Account.

3

11. On February 14, 2014, at the request of the decedent, First Financial processed a distribution from the IRA Account to the Joint Account in the amount of $16,000.00.

12. Upon information and belief, the distribution from the IRA Account to the Joint Account was completed sometime in the morning on February 15, 2014.

13. On February 15, 2014, at approximately 1:15 p.m., the decedent died. Certificate of Death attached as Exhibit 3.

14. Attorney Clifford R. Rhoades informed First Financial of the decedent's death on or about April 1, 2014.

15. First Financial froze the Joint Account on April 14, 2014 in the amount of $14,400.00 ("the Funds").

16. Defendant Randall Ashbaugh made a claim for the Funds at a First Financial banking center in April 2014.

17. Via certified letters dated April 22, 2014, First Financial notified Randall Ashbaugh, Douglas Ashbaugh, and Ms. Horine of the competing claims to the Funds. April 22, 2014 letter attached as Exhibit 4.

18. In the correspondence dated April 22, 2014, First Financial requested that Randall Ashbaugh, Douglas Ashbaugh, and Ms. Horine notify First Financial in writing, within 14 days of receipt of the correspondence if any no longer intended to pursue his/her claim. First Financial also notified Randall Ashbaugh, Douglas Ashbaugh, and Ms. Horine that, to the extent more than one person maintained a claim to the Funds following the expiration of the 14 days, an Action would be filed in federal court requesting an Order from the Court directing how and to whom the Funds should be returned.

Thirty-seven days later, First Financial N.A. filed the interpleader action.

In this case, there is no dispute Gayle A. Ashbaugh, Jr. and Arleen Horine were joint owners of First Financial Bank Account No. xxx9225. This account was opened in March 1999 and designated as "Joint With Survivorship." (Doc. No. 1-1). It is also undisputed that funds totaling $14,400.00 were deposited into this account on February 14, 2014. (Doc. No. 12-1).

4

On February 15, 2014, Gayle A. Ashbaugh, Jr. died and a copy of his death certificate was filed along with the Complaint.  (Doc. No. 1-3).

The rights of parties to a joint and survivorship bank account are governed by contract. *Vetter v. Hampton*, 54 Ohio St.2d 227, 230-31 (1978), citing *Cleveland Trust Co. v. Scobie*, 114 Ohio St. 241 (1926).  The creation of a joint and survivorship bank account raises a rebuttable presumption that co-owners of the account share equally in the ownership of funds on deposit.  *Id.*   A party challenging this presumption must show the "contract was created to show 'realities of ownership.'" *Id.* (Citations omitted.)   Moreover, to sustain joint and survivorship character of a bank account, the survivor need prove no more than full compliance with the bank's rules.  *In re Svab's Estate*, 11 Ohio St.2d 182, 183 (1967).

Defendant Horine's statement of the facts is not contested by any of the other Defendants nor was any opposition filed in response to her motion for summary judgment.   Prior to Horine's motion, Defendant Randall Ashbaugh filed a claim to the funds, which states in its entirety:

> Comes now, RANDALL ASHBAUGH, pro se, who claims the funds deposited with the Registry of this Court.

(Doc. No. 10).

While Randall's claim was filed prior to the motion for summary judgment, I will consider it an objection to the claim by Horine.  However, Randall Ashbaugh's claim to the funds fails for two reasons.  First, Randall Ashbaugh's claim to the funds offers no basis, in law or fact, as to why he is entitled to the funds, in his own right or over the other Defendants.  Second, he has not provided evidence to establish the "realities of ownership" which raises a question or defeats the rebuttable presumption in favor of Horine, the co-owner of the joint account.

I find Defendant Horine has met her burden on summary judgment and that the non-movants have failed to present evidentiary material in opposition or demonstrate there is a general issue of material fact in dispute.  *Celotex*, 477 U.S. at 322.  Accordingly, Defendant Arleen Horine, is

5

entitled to the funds as a joint owner of the account. Therefore, her motion is well taken and judgment is entered in her favor.

## Conclusion

For the reasons stated above, Defendant Arleen Horine's unopposed motion for summary judgment (Doc. No. 12) is granted. The Clerk is directed to release and pay the funds received from First Financial Bank in the amount of $14,400.00 to Arleen Horine and direct the check to her attorney Michael A. Rider, 13 N. Oak Avenue, Lake Placid, FL 33852.

A copy of this Order shall also be mailed to the following:

Mr. Randall Ashbaugh
535 Brookwood Point Place, Apt. 122
Simpsonville, SC  29681-6924


Mr. Douglas Ashbaugh
619 Congress Street
Van Wert, Ohio  45891-2213


Attorney Clifford R. Rhoades
Clifford R. Rhoades, P.A.
2141 Lakeview Drive
Sebring, FL  33870-4969

This case is closed.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge